# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)** | 29-3946

**Case Name** | The Utility Reform Network, et al. v. USA and FCC

**Counsel submitting this form** | Cheryl A. Leanza

**Represented party/parties** | Petitioners, The Utility Reform Network, Rural County Representatives of California, and Communications Workers of America

*Briefly describe the dispute that gave rise to this lawsuit.*

Petitioners The Utility Reform Network (TURN), Rural County Representatives of California (RCRC), and Communications Workers of America (CWA) respectfully request review of the final order of the Federal Communications Commission (Commission) captioned Reducing Barriers to Network Improvements and Service Changes; Accelerating Network Modernization, WC Docket Nos. 25-209, 25-208, FCC No. 26-19 (Mar. 27, 2026) (Order). The Commission published a summary of the Order in the Federal Register on April 20, 2026. Reducing Barriers to Network Improvements and Service Changes, 91 Fed. Reg. 20,913 (Apr. 20, 2026).

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 7**        *Rev. 09/01/22*

1

*Briefly describe the result below and the main issues on appeal.*

The FCC:  (1) expressly preempted heretofore protected actions by state commissions by concluding that a discontinuance granted at the federal level for interstate service preempts state requirements for provision of intrastate and jurisdictionally mixed service; (2) adopted one consolidated rule applicable to all technology transitions discontinuance applications; (3) granted blanket section 214(a) authority for carriers to stop taking new customers for existing traditional voice services, lower-speed data communications services, and interconnected Voice over IP (VoIP) service  provisioned over copper wire; (4) adopted rules regarding 911 connectivity during service discontinuance; (5) adopted rules granting conditional forbearance exempting resellers from statutory discontinuance obligations when their wholesale provider engages in a technology-transition-related discontinuance; (6) revised its rules to automatically grant all discontinuance applications within 31 days; (7) clarified the required contents of discontinuance applications; (8) permitted permanent discontinuance after emergency discontinuances is granted; and (9) eliminated additional rules.

The Order exceeds the Commission's statutory authority; is arbitrary and capricious and an abuse of discretion; violates federal law, including, but not limited to, the Constitution of the United States, the Communications Act of 1934, as amended, and FCC regulations promulgated thereunder; and is otherwise contrary to law.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

The United States Court of Appeals for the Sixth Circuit has been designated as the court in which the record is to be filed after two petitions for review were filed in separate Courts of Appeals within ten days of the issuance of the Order.  See Ohio Telecom Assoc. v. FCC, No. 26-3375 (6th Cir. Apr. 28, 2026); 28 U.S.C. § 2112(a)(3), (a)(5); Consolidation Order, In re: Federal Communications Commission, "Reducing Barriers to Network Improvements and Service Changes; Accelerating Network Modernization," Report and Order, FCC 26-19, Published in 91 Fed. Reg. 20,913 on April 20, 2026, MCP No. 204 (J.P.M.L. May 13, 2026), Dkt. No. 3.

Further, on June 22, 2026, another appeal of the same order was filed.  See Cal. Public Utilities Commission v. FCC, No. 26-3955 (9th Cir. June 22, 2026).

**Signature** /s/ Cheryl A. Leanza    **Date** June 23, 2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**     *Rev. 09/01/22*

2